**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN P. RAND, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| KILWINS QUALITY CONFECTIONS, INC., d/b/a Kilwins, a Michigan Corporation, | ) ) ) ) ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| Defendant. | | |

**CLASS ACTION COMPLAINT**

Plaintiff, John P. Rand ("Rand"), individually, and on behalf of all others similarly situated, by and through his undersigned attorneys, based upon personal knowledge with respect to himself, on information and belief derived from investigation of counsel, and a review of public documents as to all other matters, complains against Defendant, Kilwins Quality Confections, Inc., d/b/a Kilwins (hereafter "Kilwins"), as follows:

**INTRODUCTION**

1.     This case involves an unlawful pattern and practice of unfair and deceptive trade practices on the part of Kilwins - in its packaging, marketing and selling of candy, confectionary, and chocolate products in containers and packaging that materially overstate the volume of the contents - including the number of servings and caloric content.  Kilwins sells its candy, confectionary and chocolate products through franchisees located in twenty-six (26) states, the District of Columbia, and throughout all fifty (50) states via its website located at www.kilwins.com where Kilwins advertises its products for sale and through company-owned stores.

2.     More specifically, while proclaiming **"[o]ur values are simple; Treat others as you want to be treated,"** at the same time, Kilwins has, for several years, been packaging, labeling,

1

marketing and selling its candy, confectionary and chocolate products – including the "Caramel Topping," and the "Sea-Salt Caramel Topping" and, upon information and belief, the "Fudge Topping" - as well as the "Classic Shredded Chocolate" and, upon information and belief, various other toppings and shredded chocolates (collectively the "mislabeled products"), which are mislabeled and misbranded to materially overstate the actual volume of, and the number of servings contained in, the containers and packaging in which they are advertised and sold and similarly materially understate the caloric content of a serving.

3.      While Kilwins has recently *quietly* corrected labeling on the mislabeled products, it has failed to compensate thousands of consumers who, over the three (3) to five (5) year period preceding the correction, have, upon information and belief, been overcharged.

4.      Kilwins' alleged conduct violated various consumer protection laws and food labeling statutes in states where it does business. Plaintiff seeks damages for himself, as well as the Multi-State Class; and, alternatively, for the State-Wide Classes or Sub-Classes, as well as punitive damages, attorneys' fees, interest and costs.

## THE PARTIES

5.      Plaintiff Rand is an adult individual and citizen of the State of Illinois residing at 2020 North Lincoln Park West, Apartment 8L, Chicago, Illinois 60614. Rand is a consumer of Kilwins' mislabeled products.

6.      Defendant Kilwins is a corporation organized and existing under the laws of the State of Michigan, with its headquarters and principal place of business located at 1050 Bay View Road, Petoskey, Michigan 49770.

7.      Kilwins was formed in or about 1947 by Don and Katy Kilwin, and has been manufacturing, packaging, marketing and selling candy, chocolate, ice cream and bakery products consistently since 1947 and, currently, throughout the nation. The Kilwins brand promises the "finest

ingredients", the "highest quality products," and "great service." As a result, the affected products typically command a higher price in comparison to other competitive products of similar quality and attributes.

8.     Kilwins also advertises, markets and sells chocolate, fudge, confectionary and ice cream nationally via its website at www.kilwins.com, and via both company-owned and franchise-owned stores in twenty-six (26) states and the District of Columbia, *i.e.*: Illinois, Michigan, Wisconsin, Indiana, Ohio, Texas, Louisiana, Arkansas, Alabama, Georgia, Pennsylvania, New York, New Hampshire, Massachusetts, Connecticut, Delaware, Virginia, Missouri, Tennessee, Maryland, North Carolina, South Carolina, Florida, New Jersey, Rhode Island and Colorado, and the District of Columbia.

9.     Kilwin's annual product sales exceed $100,000,000.00 (One Hundred Million Dollars).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, there are more than 100 putative class members, and minimal diversity exists because many putative class members are, upon information and belief, citizens of different states than Kilwins.

11.     This Court has personal jurisdiction over Kilwins because it is authorized to and regularly conducts business in the State of Illinois.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Kilwins resides in this District, and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

3

**FACTS SPECIFIC TO PLAINTIFF**

13.     On July 21, 2020, Rand purchased the following Kilwins' products at its store located at 3519 North Clark Street, Suite C106-A, Chicago, Illinois 60657: "Caramel Topping," "Sea-Salt Caramel Topping" and "Fudge Topping" (collectively "Toppings") as well as a package of "Classic Shredded Chocolate."  Rand paid $16.99 for each container of the Toppings, and $18.99 for a bag of the shredded chocolate.

   A.  **Kilwins Toppings**

14.     Kilwins' product label on the reverse of its "Caramel Topping" container states, erroneously, that there are 20 servings of 2 tablespoons each, with 110 calories per 2 tablespoon serving, in every glass container.

15.     Kilwins' product label on the reverse of its "Sea-Salt Caramel Topping" container states, erroneously, that there are 20 servings of 2 tablespoons each, with 110 calories per 2 tablespoon serving, in every glass container.

16.     Kilwins' product label on the reverse of its "Fudge Topping" container **currently** states, correctly, that there are 16 servings of 2 tablespoons each, with 140 calories per 2 tablespoon serving, in every glass container. This is a version of the corrected Topping product.

17.     Contrary to Kilwins' representations, there are only *16* servings of two (2) tablespoons each in the glass containers for the "Caramel Topping," and "Sea-Salt Caramel Topping" manufactured, labeled, marketed and/or sold by Kilwins during the relevant period.

18.     Contrary to Kilwins' representations, there are 140 calories in each and every two (2) tablespoon serving, not the 110 calories represented.

19.     Accordingly, *inter alia*, the volumes of the "Caramel Topping," and "Sea-Salt Caramel Topping" are both over-stated by at least twenty-five percent (25%), or, put differently, by four (4) servings of toppings per container and the caloric content is materially understated. (A true and correct

copy of a photograph of the Toppings (front and reverse labels), both **before** and **after** they were corrected by Kilwins is attached hereto as Group Exhibit "A" and made a part hereof).

20.     Upon information and belief, the glass containers of the "Fudge Topping," the "Single Dominican Republic Fudge Topping," and the "Peruvian Chocolate Fudge Topping," sold by Kilwins during the relevant period, had, prior to being corrected, also materially overstated the volume and the number of servings of the toppings, as well as the caloric content of each serving, in the same amounts as the Toppings identified in Paragraphs 14 and 15 above of the Class Action Complaint.

### B. Kilwins' Shredded Chocolates

21.     Similarly, the product information on the reverse of the "Classic Shredded Chocolate" sold by Kilwins states that there are five (5) cups of shredded chocolate (or 80 tablespoons) in each paper container, and that the caloric content of one ¼ cup or a 4 tablespoon serving is 170 calories.

22.     Contrary to Kilwins' representations, there are only approximately 4.3125 cups (or 69 tablespoons) of the "Classic Shredded Chocolate" in each paper container sold by Kilwins and a 3 tablespoon serving size of the shredded chocolate has 150 calories.

23.     Thus, *inter alia,* the volume of the "Classic Shredded Chocolate" in the paper container is over-stated in excess of fifteen percent (15%), and the caloric content is materially understated. (A true and correct copy of a photograph of the "Classic Shredded Chocolate" (front and reverse labels), both **before** and **after** they were corrected by Kilwins is attached hereto as Group Exhibit "B" and made a part hereof).

24.      Upon information and belief, the "Single Origin Peruvian Shredded Drinking Chocolate," and the "Dominican Shredded Drinking Chocolate," sold by Kilwins during the relevant period, had, prior to being corrected, also materially overstated the volume of the shredded chocolate in the packaging and the number of servings of the shredded chocolate, as well materially understated the caloric content of each serving of the shredded chocolate.

### C.  Unfair and Deceptive Acts and Practices

25.     Products competitive to Kilwins' Toppings and the shredded chocolates have been available for sale, at all relevant times, for as little as half of what Kilwins charges for the same products.

26.     As a result of the above-mentioned deceptive, dishonest and unfair pattern and practices of Kilwins, plaintiff and, upon information and belief, hundreds of thousands of other consumers of Kilwins' products, have overpaid millions of dollars for the subject mislabeled products.

27.     As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice - as they have overpaid for the mislabeled products when other substitute products, with the same or an equivalent volume and the same quality chocolate, confectionary and candy, are available at significantly lower prices.

28.     Upon information and belief, plaintiff believes that there are other candy, confectionary and chocolate products manufactured, packaged, labeled, marketed and/or sold by Kilwins that are similarly mislabeled and contain a materially lesser volume than represented by Kilwins on the labeling of its products.

29.     In view of the foregoing, plaintiff seeks recovery on his behalf, and on behalf of the thousands of similarly-situated Class members located through the fifty (50) states and the District of Columbia, where the mis-labeled products are packaged, labeled, marketed and/or sold to consumers.

## CLASS ACTION ALLEGATIONS

30.     Pursuant to FRCP 23(a), (b)(2), and (b)(3), plaintiff brings this action on behalf of himself and the following Multi-State Class and, alternatively, State-Wide Classes or Sub-Classes (collectively the "Class"):

**_Multi-State Class:_**

a.    Any person who has purchased a mislabeled or misbranded product in any of the fifty (50) states, and the District of Columbia, during the relevant period of the applicable statute of limitations (the "relevant period").

b.    In the alternative, plaintiff brings this action on behalf of the following State-Wide Classes or Sub-Classes:

**Illinois Class:** All persons who purchased the mislabeled products and resided in the State of Illinois during the relevant period.

**Michigan Class:** All persons who purchased the mislabeled products and resided in the State of Michigan during the relevant period.

**Wisconsin Class:** All persons who purchased the mislabeled products and resided in the State of Wisconsin during the relevant period.

**Indiana Class:** All persons who purchased the mislabeled products and resided in the State of Indiana during the relevant period.

**Ohio Class:** All persons who purchased the mislabeled products and resided in the State of Ohio during the relevant period.

**Texas Class:** All persons who purchased the mislabeled products and resided in the State of Texas during the relevant period.

**Louisiana Class:** All persons who purchased the mislabeled products and resided in the State of Louisiana during the relevant period.

**Arkansas Class:** All persons who purchased the mislabeled products and resided in the State of Arkansas during the relevant period.

**Alabama Class:** All persons who purchased the mislabeled products and resided in the State of Alabama during the relevant period.

**Georgia Class:** All persons who purchased the mislabeled products and resided in the State of Georgia during the relevant period.

**Pennsylvania Class:** All persons who purchased the mislabeled products and resided in the State of Pennsylvania during the relevant period.

**New York Class:** All persons who purchased the mislabeled products and resided in the State of New York during the relevant period.

**New Hampshire Class:** All persons who purchased the mislabeled products and resided in the State of New Hampshire during the relevant period.

**Massachusetts Class:** All persons who purchased the mislabeled products and resided in the State of Massachusetts during the relevant period.

**Connecticut Class:** All persons who purchased the mislabeled products and resided in the State of Connecticut during the relevant period.

**Delaware Class:** All persons who purchased the mislabeled products and resided in the State of Delaware during the relevant period.

**Virginia Class:** All persons who purchased the mislabeled products and resided in the State of Virginia during the relevant period.

**Missouri Class:** All persons who purchased the mislabeled products and resided in the State of Missouri during the relevant period.

**Tennessee Class:** All persons who purchased the mislabeled products and resided in the State of Tennessee during the relevant period.

**Maryland Class:** All persons who purchased the mislabeled products and resided in the State of Maryland during the relevant period.

**North Carolina Class:** All persons who purchased the mislabeled products and resided in the State of North Carolina during the relevant period.

**South Carolina Class:** All persons who purchased the mislabeled products and resided in the State of South Carolina during the relevant period.

**Florida Class:** All persons who purchased the mislabeled products and resided in the State of Florida during the relevant period.

**New Jersey Class:** All persons who purchased the mislabeled products and resided in the State of New Jersey during the relevant period.

**Rhode Island Class:** All persons who purchased the mislabeled products and resided in the State of Rhode Island during the relevant period.

**Colorado Class:** All persons who purchased the mislabeled products and resided in the the State of Colorado during the relevant period.

**District of Columbia Class:** All persons who purchased the mislabeled products and resided in the District of Columbia during the relevant period.

31.     Excluded from the Class are Kilwins, and its officers, directors, legal representatives, successors, subsidiaries, and their assigns and any judicial officer presiding over this matter, members of their immediate family, members of their judicial staff, and any judge sitting in the presiding court who may hear an appeal of any judgment entered.

9

32.     Certification of plaintiff's claims for Class-Wide treatment is appropriate because plaintiff can prove the elements of his claim on a Class-Wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

33.     This action has been brought and may be properly maintained on behalf of the Multi-State Class and/or State-Wide Classes proposed hereunder under FRCP 23, and satisfies its numerosity, commonality, typicality, adequacy and predominance, and superiority requirements.

34.     Plaintiff reserves the right to amend the Multi-State Class and State-Wide Classes definitions based upon information learned through discovery.

### Numerosity. Fed. R. Civ. P. 23(a)(1)

35.     Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical.  While the exact number of Class members is unknown to plaintiff at this time, there are believed to be hundreds of thousands of consumers of Kilwins' mislabeled products and members of the Class can be readily identified through its sales records.

### Commonality and Predominance. Fed. R. Civ. P. 23(a)(2) and (b)(3)

36.     This action involves common questions of law and fact that predominate over any questions affecting individual Class members.  Common questions include, but are not limited to:

    a.   Whether Kilwins engaged in the conduct alleged herein;

    b.   Whether the conduct engaged in by Kilwins was unfair or deceptive;

    c.   Whether Kilwins violated the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505, *et seq.*, with respect to Illinois citizens and residents during the relevant period;

    d.   Whether Kilwins violated the Michigan Consumer Protection Act, § 445.903, *et seq.*, with respect to Michigan citizens and residents during the relevant period;

10

e.   Whether Kilwins violated Wisconsin Stat. 100.18, *et seq.,* with respect to Wisconsin citizens and residents during the relevant period;

f.   Whether Kilwins violated Indiana Code § 24-5-0.5, *et seq.*, with respect to Indiana citizens and residents during the relevant period;

g.   Whether Kilwins violated Ohio Rev. Code 1345.01, *et seq.*, with respect to Ohio citizens and residents during the relevant period;

h.   Whether Kilwins violated Texas Bus. & Com. Code § 17.41, *et seq.*, with respect to Texas citizens and residents during the relevant period;

i.   Whether Kilwins violated Louisiana Rev. Stat. Ann. § 51:1406, *et seq.*, with respect to Louisiana citizens during the relevant period;

j.   Whether Kilwins violated Arkansas Code § 4-88-107, *et seq.*, with respect to Arkansas citizens and residents during the relevant period;

k.   Whether Kilwins violated Alabama Code § 8-19-1, *et seq.*, with respect to Alabama citizens and residents during the relevant period;

l.   Whether Kilwins violated Georgia § 10-1-390, *et seq.*, with respect to Georgia citizens and residents during the relevant period;

m.   Whether Kilwins violated 73 Pa. Stat. Ann. § 201-9-2, *et seq.*, with respect to Pennsylvania citizens and residents during the relevant period;

n.   Whether Kilwins violated New York Gen. Bus. § 350, *et seq.*, with respect to New York citizens and residents during the relevant period;

o.   Whether Kilwins violated New Hampshire Rev. Stat. § 358-A, *et seq.*, with respect to New Hampshire citizens and residents during the relevant period;

p.   Whether Kilwins violated Massachusetts Chapter 93A, with respect to Massachusetts citizens and residents during the relevant period;

q.  Whether Kilwins violated Connecticut Gen. Stat. § 42-110a., *et seq.*, with respect to Connecticut citizens and residents during the relevant period;

r.  Whether Kilwins violated Delaware, Title 6 §§ 2511, *et seq.*, with respect to Delaware citizens and residents during the relevant period;

s.  Whether Kilwins violated Virginia Code Ann. § 59.1-196, *et seq.* with respect to Virginia citizens and residents during the relevant period;

t.  Whether Kilwins violated Missouri Rev. Stat. § 407.020, *et seq.*, with respect to Missouri citizens and residents during the relevant period;

u.  Whether Kilwins violated Tennessee Code Ann. § 47-18-104, *et seq.*, with respect to Tennessee citizens and residents during the relevant period;

v.  Whether Kilwins violated Maryland Com. Law §§ 13-101, *et seq.*, with respect to Maryland citizens and residents during the relevant period;

w.  Whether Kilwins violated North Carolina Gen. Stat., Chapter 75-1.1, *et seq.*, with respect to North Carolina citizens and residents during the relevant period;

x.  Whether Kilwins violated South Carolina Code of Law § 39-5-10, *et seq.*, with respect to South Carolina citizens and residents during the relevant period;

y.  Whether Kilwins violated Florida Stat. Ann. § 501.201, *et seq.*, with respect to Florida citizens and residents during the relevant period;

z.  Whether Kilwins violated New Jersey Stat. Ann. 56:8-19, *et seq.*, with respect to New Jersey citizens and residents during the relevant period;

aa. Whether Kilwins violated Rhode Island Gen. Laws § 613.1-11, *et seq.*, with respect to Rhode Island citizens and residents during the relevant period;

bb. Whether Kilwins violated the Colorado Consumer Protection Act, § § 6-1-101, *et seq.*, with respect to Colorado citizens and residents during the relevant period;

12

cc. Whether Kilwins violated the District of Columbia Code § 28-3904, *et seq.*, with respect to District of Columbia citizens and residents during the relevant period;

dd. Whether Kilwins violated 410 ILCS 620/1, *et seq.*, with respect to Illinois citizens and residents during the relevant period;

ee. Whether Kilwins breached its contract with Plaintiff and the Class;

ff. Whether Kilwins has been unjustly enriched under applicable state laws; and

gg. Whether Kilwins should be required to disgorge all profits earned, and/or revenues received, in the sale of the mislabeled products.

37. Each consumer fraud statute from the twenty-six (26) states and the District of Columbia where Kilwins markets and sells its products, as alleged, generally prohibit deceptive or unfair acts or practices in the course of a trade or business, and grant the consumer standing to assert claims thereunder.

38. Each of the food labeling statutes from three (3) of the states where Kilwins markets and sells its products in Illinois, New York and New Jersey, as alleged, prohibit the mislabeling and misbranding of food products and the advertisement for sale of the same, and grant the consumer standing to assert claims thereunder.

**Typicality. Fed. R. Civ. P. 23(a)(3)**

39. Plaintiff's claims are typical of other Class members' claims because plaintiff and the Class members were subjected to the same alleged unlawful conduct and damaged in the same way, *i.e.*, they all purchased the mis-labeled products for which the Class substantially overpaid.

**Adequacy. Fed. R. Civ. P. 23(a)(4)**

40. Consistent with Rule 23(a)(4), Plaintiff, and his counsel, will fairly and adequately represent the Class and have the best interests of the members of the Class in mind. Plaintiff

and his counsel are not aware of any conflicts of interest with the Class. Plaintiff's counsel is also competent and experienced in litigating federal and state court class action litigation, including experience in consumer protection claims and food labeling litigation. Plaintiff and his counsel intend to vigorously prosecute this case in the best interest of the Class.

**Superiority. Fed. R. Civ. P. 23(b)(3)**

41.     A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the Class is impracticable. Many members of the Class are, or may be, without the financial resources necessary to pursue this matter, and even if some could afford to litigate claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation also increases the time and expense of resolving a common dispute concerning Kilwins' actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

42.  The Class may be certified pursuant to FRCP Rule 23(b)(2) because, *inter alia*, Kilwins acted on grounds generally applicable to the Class, thereby making final compensatory relief appropriate with respect to the claims raised by the Class.

43.  The Class may also be certified pursuant to FRCP Rule 23(b)(3) Procedure because questions of law and fact common to members of the Class will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Class Action Complaint.

## COUNT I
### (Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act
### 815 ILCS 505, *et seq.* ("ICFA"))

1.      Plaintiff repeats and realleges Paragraphs 1 through 43 above as Paragraph 1 of Count I.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Illinois Class for a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505, *et seq.* ("ICFA").

3.      The ICFA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      The terms "unfair" and "deceptive" as used in the ICFA are disjunctive, not conjunctive.  In other words, a practice may violate the prohibition against unfairness while not violating the prohibition against deception, and vise-versa.

5.      At all relevant times, Kilwins violated the ICFA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

6.      Kilwins' alleged conduct was deceptive, unfair and violated the ICFA and Illinois public policy.

7.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT II
### (Violation of the Michigan Consumer Protection Act, § 445.903, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I above as Paragraph 1 of Count II.

2.  Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Michigan Class for a violation of the Michigan Consumer Protection Act, § 445.903, *et seq.* ("MCPA").

3.  The MCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.  At all relevant times, Kilwins violated the MCPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.  Kilwins' alleged conduct was deceptive, unfair, and violated Michigan's public policy and the MCPA.

6.  As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

**COUNT III**
**(Violation of Wisconsin Stat. Ann. § 100.18, *et seq.*)**

1.  Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count III.

2.  Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Wisconsin Class for a violation of Wisconsin Stat. Ann. § 100.18, *et seq.* ("Wisconsin Act").

3.  The Wisconsin Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.  At all relevant times, Kilwins violated the Wisconsin Act by knowingly misrepresenting the volume of, and number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.  Kilwins' alleged conduct was deceptive, unfair, in violation of Wisconsin public policy and the Wisconsin Act.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT IV
### (Violation of Indiana Code § 24-5-0.5, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count IV.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Indiana Class for a violation of the Indiana Code § 24-5-0.5, *et seq.* (the "Indiana Act").

3.      The Indiana Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the Indiana Act by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive practice, unfair, violated Indiana public policy and the Indiana Act.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT V
### (Violation of Ohio Rev. Code 1345.01, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count V.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and Ohio Class for violation of Ohio Rev. Code 1345.01, *et seq.* (the "Ohio Act").

3.      The Ohio Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the Ohio Act by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Ohio public policy and the Ohio Act.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

**COUNT VI**
**(Violation of Texas Deceptive Trade Practices-Consumer Protection Act, Texas Bus. & Com. Code § 17.41, *et seq.*)**

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count VI.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Texas Class for a violation of the Texas Bus. & Com. Code § 17.41, *et seq.* (the "Texas Act").

3.      The Texas Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the Texas Act by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and/or misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Texas public policy and the Texas Act.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT VII
### (Violation of Louisiana Unfair Trade Practices and Consumer Protection Act, Rev. Stat. Ann. § 51:1406, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count VII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Louisiana Class for a violation of Louisiana Rev. Stat. Ann. § 51:1406, *et seq.* (the "Louisiana Act").

3.      The Louisiana Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the Louisiana Act by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct violated Louisiana public policy, was deceptive, unfair and violated the Louisiana Act.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT VIII
### (Violation of Arkansas Deceptive Trade Practices Act, § 4-88-107, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count VIII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Arkansas Class for a violation of Arkansas Code § 4-88-107, *et seq.* (the "ADTPA").

3.      The ADTPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the ADTPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Arkansas public policy and the ADTPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT IX
### (Violation of Alabama Deceptive Trade Practices Act, § 8-19-1, *et seq.*)

1.  Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count IX.

2.  Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Alabama Class for a violation of the Alabama Code § 8-19-1, *et seq.* (the "Alabama Act").

3.  The Alabama Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.  At all relevant times, Kilwins violated the Alabama Act by knowingly misrepresenting the volume of, and number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.  Kilwins' alleged conduct was deceptive, unfair, violated Alabama public policy, and the Alabama Act.

6.  As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT X
### (Violation of Georgia Fair Business Practices Act § 10-1-390, *et seq.*)

1.  Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count X.

2.  Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Georgia Class for a violation of Georgia § 10-1-390, *et seq.* (the "GFBPA").

3.  The GFBPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.  At all relevant times, Kilwins violated the GFBPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.       Kilwins' alleged conduct  was deceptive, unfair, violated Georgia public policy and the GFBPA.

6.       As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XI
### (Violation of the Pennsylvania Unfair Trade Practices Act, 73 Pa. Stat. Ann. § 201-9-2, *et seq.*)

1.       Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XI.

2.       Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Pennsylvania Class for a violation of 73 Pa. Stat. Ann. § 201-9-2, *et seq.* (the "PUTPA").

3.       The PUTPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.       At all relevant times, Kilwins violated the PUTPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.       Kilwins' alleged conduct was deceptive, unfair, violated Pennsylvania public policy, and the PUTPA.

6.       As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XII
### (Violation of New York Gen. Bus. §§ 349 & 350, *et seq.*)

1.       Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the New York Class for a violation of New York Gen. Bus. §§ 349 and 350, *et seq.* (the "New York Act").

3.      The New York Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the New York Act by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated New York public policy and the New York Act.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

**COUNT XIII**
**(Violation of New Hampshire Consumer Protection Act, Rev. Stat. § 358-A, *et seq.*)**

1.      Plaintiff repeats and realleges Paragraphs 1 of Count I as Paragraph 1 of Count XIII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the New Hampshire Class for a violation of New Hampshire Rev. Stat. § 358-A, *et seq.* (the "NHCPA").

3.      The NHCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the NHCPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and/or misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated New Hampshire public policy and the NHCPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

**COUNT XIV**
**(Violation of the Massachusetts Consumer Protection Law, Chapter 93A)**

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XIV.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Massachusetts Class for a violation of Massachusetts, Chapter 93A. (the "MCPA").

3.      The MCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the MCPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mis-labeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Massachusetts' public policy, and the MCPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

**COUNT XV**
**(Violation of the Connecticut Unfair Trade Practices Act, Gen. Stat.**
**§ 42-110a.,** *et seq.***)**

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XV.

2.    Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Connecticut Class for a violation of Connecticut Gen. Stat. § 42-110a., *et seq.* (the "CUTPA").

3.    The CUTPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.    At all relevant times, Kilwins violated the CUTPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.    Kilwins' alleged conduct was deceptive, unfair, violated Connecticut public policy and the CUTPA.

6.    As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XVI
### (Violation of Delaware, Title 6 §§ 2511, *et seq.*)

1.    Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XVI.

2.    Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Delaware Class for a violation of Delaware, Title 6 §§ 2511, *et seq.* (the "Delaware Act").

3.    The Delaware Act prohibits unfair or deceptive conduct in the course of a trade or business.

4.    At all relevant times, Kilwins violated the Delaware Act by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mis-labeled products, that was materially false, understated and/or misleading.

5.    Kilwins' alleged conduct was deceptive, unfair, violated Delaware public policy and the Delaware Act.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XVII
### (Violation of the Virginia Consumer Protection Act of 1977, § 59.1-196, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XVII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Virginia Class for a violation of Virginia Code Ann. § 59.1-196, *et seq.* (the "VCPA").

3.      The VCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the VCPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Virginia public policy and the VCPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XVIII
### (Violation of the Missouri Merchandising Practices Act, § 407.020, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XVIII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Missouri Class for a violation of Missouri Rev. Stat. § 407.020, *et seq.* (the "MMPA").

3.      The MMPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.     At all relevant times, Kilwins violated the MMPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.     Kilwins' alleged conduct was deceptive, unfair, violated Missouri public policy and the MMPA.

6.     As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XIX
### (Violation of Tennessee Consumer Protection Act of 1977, § 47-18-104, *et seq.*)

1.     Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XIX.

2.     Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Tennessee Class for a violation of Tennessee Code Ann. § 47-18-104, *et seq.* (the "TCPA")

3.     The FCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.     At all relevant times, Kilwins violated the TCPA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.     Kilwins' alleged conduct was deceptive, unfair, violated Tennessee public policy and the TCPA.

6.     As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XX
### (Violation of the Maryland Consumer Protection Act §§ 13-101, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XX.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Maryland Class for a violation of Maryland Com. Law §§ 13-101, *et seq.* (the "MCPA").

3.      The MCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the MCPA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Maryland public policy and the MCPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXI
### (Violation of North Carolina Gen. Stat., Chapter 75-1.1, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XXI.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the North Carolina Class for a violation of North Carolina Gen. Stat., Chapter 75-1.1, *et seq.* (the "NCCPA").

3.      The NCCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the NCCPA by knowingly misrepresenting the volume of, and the number of servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated North Carolina public and the NCCPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXII
### (Violation of the South Carolina Unfair Trade Practices Act § 39-5-10, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XXII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the South Carolina Class for a violation of the South Carolina Code of Law § 39-5-10, *et seq.* (the "SCUTPA").

3.      The SCUTPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the SCUPTA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated South Carolina public policy and the SCUPTA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXIII
### (Violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count as Paragraph 1 of Count XXIII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Florida Class for a violation of Florida Stat. Ann. § 501.201, *et seq.* (the "FDUTPA").

3.      The FDUTPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the FDUTPA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Florida public policy, and the FDUTPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXIV
### (Violation of the New Jersey Consumer Fraud Act § 56:8-1, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XXIV.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the New Jersey Class for a violation of New Jersey Stat. Ann. 56:8-1, *et seq.* (the "NJCFA").

3.      The NJCFA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the NJCFA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated New Jersey public policy and the NJCFA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXV
### (Violation of Rhode Island Unfair Trade Practice and Consumer Protection Act § 6-13.1-11, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph I of Count X.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Rhode Island Class for a violation of Rhode Island Gen. Laws § 6-13.1-11, *et seq.* (the "RIUTPA").

3.      The RIUTPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the RIUTPA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Rhode Island public policy and the RIUTPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXVI
### (Violation of the Colorado Consumer Protection Act, §§ 6-1-101, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XXVI.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the Colorado Class for a violation of the Colorado Consumer Protection Act, §§ 6-1-101, *et seq.* (the "CCPA").

3.      The CCPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the CCPA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mislabeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated Colorado public policy and the CCPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXVII
### (Violation of the District of Columbia Consumer Protection Procedures Act § 28-3904, *et seq.*)

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XXVII.

2.      Plaintiff brings this claim on his own behalf and on behalf of the Multi-State Class and the District of Columbia Class for a violation of the District of Columbia Code § 28-3904, *et seq.* (the "CPPA").

3.      The CPPA prohibits unfair or deceptive conduct in the course of a trade or business.

4.      At all relevant times, Kilwins violated the CPPA by knowingly misrepresenting the volume of, and the number of the servings contained in, as well as the caloric content of, the mis-labeled products, that was materially false, understated and misleading.

5.      Kilwins' alleged conduct was deceptive, unfair, violated District of Columbia public policy and the CPPA.

6.      As a direct and proximate result of the mislabeling alleged herein, plaintiff and the Class have been damaged as a result of this unfair and deceptive pattern and practice as they have overpaid for the mislabeled products when other substitute products with the same or an equivalent volume and the same quality chocolate and candy are available at significantly lower prices.

## COUNT XXVIII
## (Violation of the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/1 et seq. ("IFDCA"))

1.      Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XXVIII.

2.      All containers of the Kilwins' Toppings and "Classic Shredded Chocolate" are misbranded                                   and                                   mislabeled.

3.      Pursuant to the IFDCA, 410 ILCS 620/3.1, it is unlawful for any person to: manufacture, sell, deliver, hold, or offer for sale any food that is mislabeled.

4.      Pursuant to the IFDCA, 410 ILCS 620/3.2, it is unlawful for any person to mislabel any food.

5.      Pursuant to the IFDCA, 410 ILCS 620/3.5, it is unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product.

6.      Pursuant to the IFDCA, 410 ILCS 620/3.5, it is unlawful for any person to receive in commerce any food that is misbranded or mislabeled or to deliver or proffer any such food for delivery.

33

7.     The IFDCA, 410 ILCS 620/11(a), provides that a food is deemed misbranded if its labeling is false.

8.     Plaintiff and the Class purchased such misbranded and mislabeled products.

9.     Kilwins sold plaintiff and the Class products that were not capable of being sold legally.

10.    Plaintiff and the Class members would not have purchased Kilwin's misbranded food products had they known that such were unlawful to sell, violated state and federal law, and/or were misbranded.

11.    Plaintiff and the Class members were harmed as a result of their purchase of Kilwin's misbranded products and are entitled to damages, including the amounts spent on Kilwin's misbranded food products, and punitive damages.

## COUNT XXIX
### (Breach of Contract)

1.     Plaintiff repeats and realleges Paragraph 1 of Count I as Paragraph 1 of Count XXIX.

2.     Plaintiff and Kilwins entered into a contract for the purchase of the mislabeled products as represented.

3.     Pursuant to that contract, Kilwins agreed to sell plaintiff the Toppings and the "Classic Shredded Chocolate" in the volume represented for the price charged.

4.     Kilwins breached the contract when it sold its products to plaintiff that were mislabeled because such did not actually contain the actual volume, and servings, of candy and chocolate as represented.

5.     As a direct and proximate result, plaintiff was injured, as alleged, as he paid substantially more than what he agreed to pay for the volumes and servings represented by Kilwins' packaging and labeling.

6.     Plaintiff has performed all duties and obligations required by his contract.

## COUNT XXX
## (Unjust Enrichment)

1.      Plaintiff repeats and realleges Paragraph 1 of Count 1 as Paragraph 1 of Count XXX.

2.      Plaintiff and the Class have been damaged as a direct and proximate result of Kilwin's alleged conduct.

3.      As a result of Kilwins' unlawful conduct, it has and will continue to be unjustly enriched to the detriment of plaintiff and Class members.

4.      Kilwins has profited immensely by its unlawful sales to plaintiff and the Class.

5.      Kilwins' profits were a benefit conferred upon it by plaintiff and the Class members when they purchased said product(s).

6.      Kilwins will be unjustly enriched if it is allowed to retain its unlawful profits, and plaintiff, and each Class member, is entitled to recover the amount by which Kilwins was unjustly enriched at their expense.

**WHEREFORE,** Plaintiff, individually, and on behalf of the Multi-State Class and the State Classes, respectfully requests that the Court grant certification of the proposed Multi-State Class and State Classes, including the designation of plaintiff as the named representative of the Multi-State Class and his respective State Class; the appointment of the undersigned as Class Counsel; the designation of any appropriate issue classes and/or subclasses, under the applicable provisions of FRCP 23; and that the Court enter judgment in Plaintiff's favor, and in favor of all of those who are similarly situated, and against Defendant, Kilwins Quality Confections, Inc., d/b/a Kilwins, as follows:

A.      Injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members, including but not limited to, an order prohibiting Kilwins from engaging in the wrongful, unlawful, unfair and deceptive acts as described herein;

B.      An award of compensatory, consequential, and general damages, including nominal damages, as allowed by law in amounts to be determined;

C.  An award of statutory and punitive damages, as allowed in amounts to be determined;

D.  An award of restitution or disgorgement of profits, or alternatively, revenues paid, in amounts to be determined;

E.  An award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F.  Prejudgment interest on all amounts awarded; and

G.  Such other and further relief as the Court may deem just and proper under the circumstances.

Dated this 18th day of March, 2021.

**Respectfully submitted,**

Plaintiff, John P. Rand

By:_/s/ Daniel J. Voelker_
One of His Attorneys

Daniel J. Voelker, Esq. (6189578)
**Voelker Litigation Group**
33 N. Dearborn Street
Suite 1000
Chicago, Illinois 60602
312.870.5430
312.254.7666
dvoelker@voelkerlitigationgroup.com

Randall B. Gold, Esq. (6190918)
**FOX & FOX, S.C.**
111 E. Upper Wacker Drive
Suite 2600
Chicago, Illinois 60601
608-258-9588
608-259-9105 (fax)
rgoldlaw@aol.com