IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN P. RAND and NORMAN A. LEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>KILWINS QUALITY CONFECTIONS, INC., d/b/a KILWINS, a Michigan Corporation,<br><br>        Defendant. | Case No. 21 C 1513<br><br>Judge Harry D. Leinenweber |

## ORDER

Defendant's Motion to Dismiss for lack of federal jurisdiction (Dkt. No. 36) is granted. Since this is the third iteration of Plaintiffs' claim, this dismissal is with prejudice. The Court having failed to find federal jurisdiction, the remaining Counts are dismissed without prejudice.

## STATEMENT

This is the second time this case has been before the Court on a Motion to Dismiss for lack of federal jurisdiction. The Plaintiffs, putative class members, are seeking to represent a class of purchasers of Defendant's confectionary products that allegedly have inaccurate nutrition labels. The Plaintiffs claim federal jurisdiction pursuant to the Class Action Fairness Act

(the "CAFA"). In order to obtain federal jurisdiction pursuant to this act, a plaintiff must allege: (1) a class of at least 100 persons; (2) at least one member is from a different state than the defendant; and (3) the amount in controversy exceeds $5,000,000.00. Pub.L. 109-2, 119 Stat. 4 (2005). The Court granted the Motion to Dismiss the previous iteration of this Complaint, because it found that, based on the best-case scenario, the amount in controversy could not exceed $3.998,540.06. (Dkt. No. 30.)

The Plaintiffs have now filed a Second Amended Complaint (the "SAC") seeking to secure the jurisdiction defect. The SAC attempts to do this by expanding the claim period from 2016 to 2019 to a period starting in 2006 through 2019. The Defendant responds to the SAC by filing an affidavit of its CFO, David Sevius, that shows that the alleged offending nutritional labels were only used during the 2016 to 2019 time period and consisted of a finite number of labels ordered and received. (The affidavit also states that Defendant did not use all the labels ordered and received, but for purposes of this Motion assuming that all of the labels were in fact used would not significantly change the outcome.)

Plaintiffs respond arguing that they need discovery to prove that the labels in use during the 2006 to 2016 time period also contained false nutritional information. However, as Defendant argues, Illinois law does not allow the use of discovery to prove

a speculative claim. *Cooney v. Magnabosco*, 943 N.E.2d 290 296 (Ill. App. Ct. 2011). In other words, a plaintiff may not use discovery to conduct a fishing expedition. *Wagner v. Magellan Health Services*, 125 F. Supp.2d 302, 307 (N.D. Ill. 2000). The fact of the matter is that Plaintiffs do not have any evidence that the Defendant mislabeled any products prior to the use of the labels commencing in 2016. Obviously, if Defendant had any such evidence, they would have produced it. Thus, it is pure speculation as to what earlier labels stated or failed to state.

Plaintiffs make certain other contentions that they claim will help them reach the jurisdictional amount. They reiterate their claim that the costs of shipping and handling should be included but as this Court stated in its previous order, Plaintiffs do not seek a complete refund for their purchases but instead seek the amount that they overpaid, and restitution of the profits Defendant illicitly received.

The short of the matter is that the evidence shows that during the periods in question, assuming Defendant used every label ordered in the sales of its products, it would have sold 14,400 Fudge Toppings; 10,400 Caramel toppings; 9,600 Sea Salt Caramel Toppings; and 32,000 Classic Shredded Chocolate Toppings, and the gross receipts for all of them would only amount to slightly more than $1,272,456.00. Based on these figures, the compensatory

damages could not exceed $248,314.00. Adding punitive damages of to 9 times (an extremely doubtful proposition) there is no way the amount in controversy could approach the $5,000,000.00 jurisdiction amount.

Accordingly, the Motion to Dismiss for lack of federal jurisdiction is granted. Since this is the third iteration of Plaintiffs' claim, the dismissal is with prejudice. The Court having failed to find federal jurisdiction, the remaining Counts are dismissed without prejudice.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 12/1/2022